IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,   :<br>  :<br>  Plaintiff,   :<br>  :<br>  :<br>v.   :   Criminal Action No. 97-13-KAJ<br>  :<br>WILFREDO "TITO" ROSA,   :<br>  :<br>  Defendant.   : | |

**MOTION BY UNITED STATES TO DISMISS
ROSA'S MOTION FOR MODIFICATION OF SENTENCE**

NOW COMES the United States of America, by and through its counsel, Colm F. Connolly, United States Attorney, and Robert J. Prettyman, Assistant United States Attorney, and hereby respectfully requests that the Court dismiss the request by Wilfredo "Tito" Rosa ("Rosa") to modify his sentence. In support, the United States alleges:

1. On or about December 19, 2005, Rosa filed a letter request for modification of his sentence. *See* Docket Item 175.

2. The Court sentenced Rosa to 144 months imprisonment in 1999. *See* Docket Item 132.

3. The Court may not modify a sentence of imprisonment after that sentence has been imposed, except in limited circumstances. *See* 18 U.S.C. Section 3582(c); *United States v. Smartt*, 129 F.3d 539, 540-541(10th Cir. 1997)(citations omitted).

4. One of these limited circumstances requires that the motion to modify the term of

imprisonment be filed by the Director of the Bureau of Prisons. *See* 18 U.S.C. Section 3582(c)(1)(A). *See also Smartt*, 129 F.3d at 541. Rosa's request is not a motion filed by the Director of the Bureau of Prisons. *See* Docket Item 175, pp. 1-2.

5. The second limited circumstance permits modification of the imposed sentence of imprisonment when otherwise expressly allowed under Fed. R. Crim. P. 35 or by statute. *See* 18 U.S.C. Section 3582(c)(1)(B). *See also Smartt*, 129 F.3d at 541-542. Rosa does not allege any statutory or Rule 35 authority for his request. *See* Docket Item 175, pp. 1-2.

6. The third limited circumstance applies only to situations in which a defendant has received a sentence of imprisonment that was based upon a sentencing guidelines range that has been reduced subsequently by the Sentencing Commission. *See* 18 U.S.C. Section 3582(c)(2). *See also Smartt*, 129 F.3d at 541. Rosa does not allege that the Sentencing Commission subsequently reduced the guidelines range used in his sentencing. *See* Docket Item 175, pp. 1-2.

7. Rosa has not alleged an exception to the general rule of Section 3582(c) of Title 18 prohibiting modification of a sentence of imprisonment after it has been imposed, and hence, his request should be dismissed.[1] *See Smartt*, 129 F.3d at 541 (the Court lacks jurisdiction to modify a sentence of imprisonment unless the request satisfies one of the requirements of Section 3582(c)).

---

[1] If the Court does not dismiss Rosa's motion for not alleging the Court's authority to modify his sentence of imprisonment, the United States respectfully reserves the right to answer the motion.

WHEREFORE, for the above stated reasons, the United States respectfully requests that the Court dismiss Rosa's request to modify his sentence.

Respectfully submitted,

COLM F. CONNOLLY
UNITED STATES ATTORNEY

By *Robert J Prettyman*
Robert J. Prettyman
Assistant U.S. Attorney

Date: December 21, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Criminal Action No. 97-13-KAF |
| v. | : |
| WILFREDO "TITO" ROSA, | : |
| Defendant. | : |

### CERTIFICATE OF SERVICE

I, Cynthia McMichael, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on the 21st day of December, 2005, I caused to be served the MOTION BY UNITED STATES TO DISMISS ROSA'S MOTION by causing to be deposited two copies of said documents in the United States Mail, First Class, to:

Wilfredo "Tito" Rosa, *Pro se inmate*
F.C.I. Fairton Camp
P.O. Box 420
Fairton, NJ 08320

_____
Cynthia McMichael
Legal Assistant

4