March 13, 2006

The Honorable Kent A. Jordan
United States District Court
844 North King Street, Lockbox 18
Wilmington, DE 19801-3570

Re: Wilfredo Rosa
Doc: #97-13-1

Dear Judge Jordan:

My name is Myrna C. Rosa, and I respectfully write to you praying for a miracle, that once you read this letter you will employ all your reasoning and judicial power to modify my husband's confinement status from prison camp to home confinement. Wilfredo "Tito" Rosa, my husband since June 1, 1996, has be incarcerated since March 1997. Wilfredo is presently confined to FCI Fairton Camp. His projected release date is August 26, 2007.

My husband is nearing the end of his sentence, and will be eligible for halfway house transfer approximately in February of 2007. However, I ask you, Judge, that for the reasons that I will outline here you employ your power to change his confinement status. Please place my husband on home confinement one year before his scheduled release date.

The reasons I implore you to make such a drastic change are several. Wilfredo is a disabled person with special needs. He is legally blind and therefore has a very difficult time getting around than the average person. Wilfredo will absolutely have a very difficult time finding work and re-adjusting to the rigors of living in the community. Additionally, we have a lovely daughter, Brianna, who has a rare children's disease called Histiocytosis. As Brianna, who is almost nine years old, the required care increases. Although I have never caught any "breaks" in life since very young, I am finding the current pressure is taking a toll on my health. I was raised in a one-parent household because my father abandoned our family when I was a child. My mother raised my brothers and she taught me the fundamentals of caring for a home from a woman's perspective. In fact, when my mother passed away, I was still in college and assumed the responsibility of raising my younger brothers myself.

Another woman in a similar position would have, long ago, abandoned her husband and problems. I was taught principles and values early on, and have not turned my back on my family problems. However, I ask for your help going forward. There is an extreme burden of working two jobs (full time at A I duPont Hospital and part-time at St. Francis Hospital) while caring for our child who requires constant medical attention.

Lastly, the responsibility of caring for my father-in-law is suddenly too much to hand for me.

A reasonable solution for alleviating my burden is having my husband home to help. My husband, Wilfredo, has been incarcerated since 1997. He is currently in charge of the laundry services for 120 inmates and has adjusted very well.

Wilfredo is currently at "Community Custody" level at the camp, which is the lowest custody level prior to departing to CCC (halfway house).

I gather from the administration at the camp when I visit my husband that he has an impeccable progress report with them and his fellow inmates.

Wilfredo has participated in projects for the local community. For example, he was taken off the premises, with other inmates, to repair and refurbish a local fire department, courthouse and senior citizens center. His status of community custody presents no public safety issues when considering direct home confinement. If you have any questions regarding his involvement in the aforementioned projects, you may contact Mr. Steve Bateman, who is the individual in charge of the community projects, along with the fire department chief of the Fairton, New Jersey fire department and is a senior correctional officer for FCI Fairton.

As stated above, our family is very stable and supportive of my husband's disabilities. He would be coming home to his residence where he will have the proper attention to support his needs.

As Wilfredo is unable to work, he will receive disability insurance, which will cover most of his medical needs.

As Wilfredo has a loving family it would be easier transition from the camp to his home due to his blindness. Wilfredo would have to learn a new environment if sent from prison camp to halfway house, therefore, there is little to no need for halfway house.

For all of the reasons stated above, I ask you judge to please change my husband's confinement as soon as reasonably feasible. Thank you for reading and considering my request.

Very truly yours,

*Myrna C Rosa*

Myrna C Rosa
603 W. 34th ST A3
Wilm. DE 19802

U.S.M.S.
X-RAY

The Honorable Kent A. Jordan
United States District Court
844 N. King Street, Lockbox 18
Wilm. DE 19801-3570

WILMINGTON DE 198
PM
15 MAR 2006