IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 97-13-KAJ |
| ) | |
| WILFREDO "TITO" ROSA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

I.  **INTRODUCTION AND BACKGROUND**

In 1999, the Honorable Joseph J. Longobardi[1] sentenced defendant Wilfredo "Tito" Rosa ("Rosa") to a total of 144 months imprisonment, followed by a term of 5 years of supervised release. (Docket Item ["D.I."] 132.) Rosa's conviction and sentence were affirmed on direct appeal. In September 2003, I denied Rosa's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. (D.I. 172.) Rosa appealed, and the United States Court of Appeals for the Third Circuit declined to grant a certificate of appealability. See U.S.A. v. Rosa, C.A. No. 03-4590, Order (3d Cir. Sept. 28, 2004).

Rosa's projected release date is August 26, 2007, and he will be eligible for a transfer to a half-way house in February 2007. (D.I. 175; D.I. 179.) In December 2005 and again in March 2006, Rosa filed motions asking me to modify the remaining portion of his sentence to permit home confinement. (D.I. 175; D.I. 178.) In other words, he asks to be released to home confinement now rather than waiting until February 2007,

---

[1]This case was assigned to me on January 6, 2003.

the time at which the Bureau of Prisons would normally consider any pre-release changes to his custody.

To support his request, Rosa explains that he suffers from a degenerative ocular disease known as Macular Degeneration, which is causing his eyesight to deteriorate. Rosa contends that it will take him longer to adjust to life in the community and to obtain employment as a result of his limited eyesight. Additionally, Rosa's youngest daughter suffers from Histocytosis, "a rare and frequently fatal blood disease that affects the body's immune system." (D.I. 175 at 1.) Rosa explains the increasing burden imposed on his wife as the sole caregiver for his ill daughter, and he suggests that the financial burden on his wife for supporting the entire family would be greatly lessened if he were released to home confinement. In short, he contends that the change in confinement would enable him to adjust to community life and seek employment in order to contribute to the support of his family.

The Government filed a motion to dismiss Rosa's motion(s). (D.I. 177.)

For the following reasons, I must grant the Government's motion to dismiss and deny Rosa's motions for modification.

## II.    DISCUSSION

A federal district court's authority to modify a defendant's previously imposed sentence is limited to three situations: (1) where the Director of the Bureau of Prisons moves to reduce the term of imprisonment, and, after considering the factors delineated in 18 U.S.C. § 3553(a), the court concludes that a reduction is warranted; (2) where the reduction is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and (3) where the defendant was sentenced pursuant to a

sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Here, the Director of the Bureau of Prisons has not filed the requisite motion; Rosa was not sentenced pursuant to a sentencing guideline that has subsequently been reduced; and Rule 35 of the Federal Rules of Criminal Procedure is inapplicable.[2] See 18 U.S.C. § 3582(c)(1)(A),(B) and (2), Fed. R. Cr. P. 35. Consequently, I agree with the Government's contention that I do not have jurisdiction under § 3582(c) to modify Rosa's sentence as requested.

Additionally, while not addressed by the Government, there is no other Federal statute expressly authorizing the relief requested. For example, although 18 U.S.C. § 3553(a)(2), (3) permits a sentencing court to downwardly depart on the grounds of unusual or extraordinary family circumstances, such departures have "only been sanctioned where the defendant is before the court for sentencing or re-sentencing. There is nothing in the statute or in the case law to suggest that the court may depart based on such grounds once a sentence has been lawfully imposed and is no longer subject to direct appeal." *Bruno v. United States,* 2000 WL 1051850, at *3 (S.D.N.Y. July 31, 2000); *see also United States v. Medley,* 168 F. Supp. 2d 293, 297 (D. Del. 2001) (a court can consider post-conviction rehabilitation in support of a motion for downward departure only upon initial sentencing or re-sentencing for other reasons); *United States v. Dominguez,* 296 F.3d 192 (3d Cir. 2002). Therefore, because Rosa is

---

[2]Rule 35(a) does not apply because Rosa is not alleging an arithmetical or technical error, and more than 7 days have passed since his sentence was imposed. Rule 35(b) does not apply because the Government has not filed a motion to reduce the sentence due to substantial assistance.

3

not before me for sentencing or re-sentencing, I cannot grant the requested relief on the basis of 18 U.S.C. § 3553(a)(2),(3).

Further, although I could liberally construe Rosa's motions as challenging the execution of his sentence under 28 U.S.C. § 2241,[3] that construction still does not permit me to grant the requested relief. It is well-settled that a federal prisoner's § 2241 petition must be filed in the district of confinement that has jurisdiction over the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *see United States v. Jack*, 774 F.2d 605, 607 n.1 (3d Cir. 1985) (a habeas corpus petition pursuant to § 2241 is appropriate in the district of confinement); *Dupee v. United States*, 2002 WL 31831388, at *1 (E.D. Pa. Dec. 11, 2002). At the present time, Rosa is incarcerated in FCI Fairton in Fairton, New Jersey, and Rosa has not demonstrated that I have jurisdiction over the warden of that facility. Consequently, to the extent Rosa's motions are habeas requests under § 2241, I must dismiss them.

---

[3] A federal prisoner's request for a transfer or change in the type of detention can be considered under 28 U.S.C. § 2241. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence"); Randy Hertz & James Liebman, Federal Habeas Corpus Practice and Procedure, § 41.2b, pp. 1713-22 (4th ed. 2001); *Quezadaruiz v. Nash*, 2005 WL 1398503, at *3 (D.N.J. Jun. 14, 2005); *Serafini v. Dodrill*, 325 F. Supp. 2d 535, 536 (M.D.Pa. 2004); *Gambino v. Gerlinski*, 96 F. Supp. 2d 456 (M.D.Pa. 2000). Indeed, the Third Circuit recently held that a federal prisoner's challenge to the Bureau of Prison's ("BOP") decision regarding his placement in a community corrections center was cognizable on habeas review under 28 U.S.C. 2241. *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-44 (3d Cir. 2005). Although Rosa is not challenging a BOP decision, his motions do request a change in his type of detention.

4

## III. CONCLUSION

At Wilmington this 7th day of April, 2006, for the reasons explained above;

IT IS HEREBY ORDERED that:

1. Wifredo "Tito" Rosa's motion to proceed in forma pauperis is GRANTED for the limited purpose of adjudicating the instant motions. (D.I. 176.)

2. The Government's motion to dismiss Rosa's motions to modify the remainder of his sentence of incarceration to home confinement is GRANTED. (D.I. 177.)

3. Rosa's motions to modify the remainder of his sentence of incarceration to home confinement are DENIED. (D.I. 175; D.I. 178.)

4. Rosa's motions for the appointment of counsel are DENIED as moot. (D.I. 176; D.I. 178.)

_____
UNITED STATES DISTRICT JUDGE